**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

HARRY LEE JOHNSON, JR.                                              PLAINTIFF
#121212

v.                                        4:22CV00567-LPR-JTK

KENNY DUNHAM, et al.                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United

States District Judge Lee P. Rudofsky.   Any party may file written objections to all or part of this

Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation.   By not objecting, you may waive the right to appeal questions of

fact.

**DISPOSITION**

**I.    Introduction**

Harry Lee Johnson, Jr.   ("Plaintiff") is in custody at the Van Buren County Detention

Center.   He filed a pro se civil action under 42 U.S.C. § 1983, as well as a Motion to Proceed In

Forma Pauperis, which was granted.   (Doc. Nos. 1-3).   The Court screened Plaintiff's Complaint

pursuant to the Prison Litigation Reform Act ("PLRA") and found that Plaintiff failed to state a

claim upon which relief may be granted.   (Doc. No. 3).   Plaintiff was given the opportunity to

file an Amended Complaint to cure the deficiencies in his pleading.   (Id.).

Plaintiff filed his Amended Complaint on July 7, 2022.   (Doc. No. 4).   Upon screening

Plaintiff's Amended Complaint, the Court finds Plaintiff fails to state a claim on which relief may

be granted.    Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice.

## II.    Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).    The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.    28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).    Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.    See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."    Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).    In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.    Haines v. Kerner, 404 U.S. 519, 520 (1972).    The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.    Denton v. Hernandez, 504 U.S. 25, 32 (1992).

## III.    Discussion

### A.    Plaintiff's Amended Complaint

Plaintiff sued Van Buren County Detention Center Administrator Kenny Dunham, Supervisor Nancy Lawrence, and Nurse Practitioner Crystal Stripland in their personal capacities only.    (Doc. No. 4 at 1-2).    The Court notes Plaintiff's allegations in his Amended Complaint largely are the same as in his original Complaint.

### 1.    Defendant Stripland

Plaintiff put in a sick call on May 11, 2022 for an inflamed area on his testicle.    (Id. at 6). Plaintiff was in custody on a parole violation at that time.    On June 8, 2022, Plaintiff was taken to Ozark Health Medical Center for an ultrasound.    (Id.).    On June 9, 2022, Plaintiff's parole violation expired and he was in custody only on pending criminal charges.    (Id.).    Plaintiff says he asked Defendant Stripland for his "medical results" four times, but did not receive them.    (Id. at 6).    Plaintiff alleges Defendant Stripland asked Plaintiff if he had medical insurance, even though according to Plaintiff "the County is responsible for the bill."    (Id.).    According to Plaintiff, Defendant Stripland scheduled an appointment for Plaintiff with a urologist at UAMS, but the appointment (as of the filing of Plaintiff's original Complaint) is three months out.    (Doc. No. 4 at 4).    Plaintiff also asserts that Defendant Stripland is "play[ing] down the whole thing." (Id.).

Plaintiff claims Defendant Stripland's failure to provide Plaintiff his "medical results" and failure to schedule Plaintiff "proper appointments in a timely manner" constitutes deliberate indifference to Plaintiff's serious medical needs.    (Id. at 6).    Plaintiff believes he is being denied medical treatment because the County is responsible for the medical bills.    (Id. at 6). Additionally, Plaintiff alleges Defendant Stripland's actions were in retaliation for this lawsuit. (Id.).

### 2.    Defendant Dunham

On June 10, 2022, Plaintiff asked Defendant Dunham "what we were going to do about [Plaintiff's] medical treatment now that [Plaintiff's] parole violation was up."    (Id. at 7). According to Plaintiff, Defendant Dunham told Plaintiff to make an appointment with Defendant Stripland so that Plaintiff, Defendant Dunham, and Defendant Strickland could talk about

Plaintiff's treatment.  (Doc. No. 4 at 7).  When Plaintiff reported for sick call, only Defendant Strickland was present.  (Id.).  Plaintiff maintains Defendant Dunham inadequately trained or is inadequately communicating with employees.  (Id.).  Plaintiff also maintains Defendant Dunham is deliberately indifferent to Plaintiff's serious medical needs, is denying Plaintiff medical treatment because the County is responsible for the bill, and is retaliating against Plaintiff for the filing of this lawsuit.  (Id. at 6).

### 3.    Defendant Lawrence

Plaintiff apparently filed a grievance in connection with his medical concerns.  (Id. at 4). The Court is not privy to the contents of the grievance.  On June 13, 2022, Plaintiff "was called out of the barracks into the booking area by . . . [Defendant] Lawrence . . . in regards to the grievance [he] filed."  (Id.).  Defendant Lawrence asked Plaintiff if he received the results of his ultrasound.  (Doc. No. 4 at 4).  Plaintiff responded that he had not.  (Id.).  Defendant Lawrence then told Plaintiff that Defendant Stripland had tried to set up an appointment for Plaintiff with a urologist, but the urologist would not agree to see Plaintiff because Plaintiff was in custody.  (Id.). Defendant Lawrence further explained to Plaintiff that Defendant Stripland made an appointment for Plaintiff at UAMS, but the appointment was three months out.  (Id.).  Plaintiff asked Defendant Lawrence if it was because of money.  (Id.).  Defendant Lawrence told Plaintiff that if he got beat up, the County would have to pay for it—but if Plaintiff suffered from a pre-existing condition, he would have to pay for it.  (Id.).  Plaintiff alleges Defendant Lawrence is deliberately indifferent to Plaintiff's serious medical needs.  (Doc. No. 4 at 4).  Plaintiff further alleges that Defendant Lawrence is retaliating against him as a result of Plaintiff's pending lawsuit.  (Id.).

**B.    Personal Capacity Claims**

Plaintiff brought suit under 42 U.S.C. § 1983.  "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."  Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983.  See Iqbal, 556 U.S. at 678.

**1.    Deliberate Indifference to Serious Medical Needs Claims**

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020).  For convicted prisoners, the rights are protected under the Eighth Amendment.  To succeed on a claim of deliberate indifference to a medical need, a pretrial detainee plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need. See Id.  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."  Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).  "Mere negligence is not sufficient to support a cause of action under § 1983."  Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).

Plaintiff does not allege that he is being denied medical treatment altogether.  Rather, Plaintiff alleges that he is being denied proper and timely treatment.  To the extent Plaintiff's claims are based on a delay in treatment, to state a claim Plaintiff must plead some detrimental

effect of the delay.   Laughlin v. Schriro, 430 F.3d 927, 929 (8th Cir. 2005).   The Court explained this to Plaintiff when giving Plaintiff the opportunity to file an Amended Complaint.   (Doc. No. 3 at 5-6).

Despite the guidance, Plaintiff has not provided additional facts that set out any detrimental effect of the delay.   As it stands, the Court knows very little about Plaintiff's medical condition—only that there was an inflamed area on Plaintiff's testicle.   Plaintiff has not explained why he needs treatment before his appointment at UAMS.   For example, Plaintiff has not alleged that he is in pain, has fever, cannot urinate, or any other symptoms or complications.   Again, the only fact before the Court is that there is an inflamed area on Plaintiff's testicle.   That alone is not enough to support a delay in treatment claim.

To the extent Plaintiff claims he is not being treated properly, a "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation." Cejvanovic v. Ludwick, 923 F.3d 503, 507 (8th Cir. 2019).   Again, Plaintiff has provided the Court with sparse facts in support of his claim.   Plaintiff put in a sick call on May 11, 2022.   Plaintiff was taken for an ultrasound on June 8, 2022.   By June 13, 2022, an appointment had been made for Plaintiff with a urologist at UAMS, albeit the appointment was three months in the future.   Plaintiff does not provide the Court with any fact in support of his position that the handling of his medical complaints was not proper.   There are no allegations pain, infection, fever, or any other problem or symptom.   As currently pled, there is no explanation as to why Plaintiff thinks his future appointment with a urologist constitutes deliberate indifference to his serious medical needs.

Plaintiff further claims that Defendants told him he would be responsible for the cost of treatment.   Prison officials are under a constitutional duty to provide medical care to prisoners. See Allard v. Baldwin, 779 F.3d 768, 771 (8th Cir. 2015) (internal citation omitted).   An inmate

may, however, be required to pay for medical expenses when he can afford it.   Roberson v. Bradshaw, 198 F.3d 645, 647 (8th Cir. 1999).   The Court explained this to Plaintiff when giving Plaintiff the chance to amend his Complaint.   (Doc. No. 3 at 6).   Despite the guidance, Plaintiff has not alleged that he cannot afford to pay for his medical expenses, or that he is being denied treatment based on his lack of payment.

For the reasons set out above, Plaintiff failed to state a deliberate indifference to serious health needs claim on which relief may be granted.

### 2.   Retaliation Claims

To state a § 1983 retaliation claim, a plaintiff must plead that: (1) he was engaged in a protected activity; (2) the defendant "took official adverse action against him that would chill a person of ordinary firmness from continuing the activity; and (3) the adverse action was motivated at least in part by the exercise of the protected activity."   Santiago v. Blair, 707 F.3d 984, 991 (8th Cir. 2013)   (internal citation omitted).

Plaintiff alleged Defendants are retaliating against him because of this lawsuit.   The acts Plaintiff complains of, however, took place before he filed this case.   As such, it is not possible that any alleged adverse action was motivated by the filing of this lawsuit.   Accordingly, Plaintiff failed to state a retaliation claim on which relief may be granted.

### C.   Failure to Train Claim

Plaintiff's allegations that Defendant Dunham failed to train or supervise his employees requires a showing of deliberate indifference.   Grayson v. Ross, 454 F.3d 802, 811 (8th Cir. 2006); Kahle v. Leonard, 477 F.3d 544, 550 (8th Cir. 2007); Robinette v. Jones, 476 F.3d 585, 591 (8th Cir. 2007) (claim for failure to train and claim for failure to supervise requires same analysis). But Plaintiff has not alleged that Defendant Dunham had notice of unconstitutional behavior and

disregarded or tacitly approved of the behavior.   See <u>Atkinson v. City of Mountain View, Mo.</u>, 708 F.3d 1201, 1216-17 (8th Cir. 2013).   As such, Plaintiff's failure to train or supervise claim likewise fails.

Because Plaintiff failed to state a claim on which relief may be granted, his Complaint should be dismissed without prejudice.

**The Court reminds Plaintiff that he may submit objections to this Recommendation. If Plaintiff has any additional facts to support his deliberate indifference to serious medical needs claim, Plaintiff should explain those facts in his objections.**

## IV.   Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.      This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2.      The Court recommend[1] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an <u>in forma pauperis</u> appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[1] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. <u>Gonzalez v. United States</u>, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[2] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 12th day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE